# Nevins et al. *v.* The Delaware & Hudson Co., Appellant.

*Negligence—Animals — Vicious mule — Boy on sled — Kick of mule—Death—Contributory negligence—Case for jury—Excessive verdict—Reduction of verdict.*

1. In an action to recover for the death of plaintiff's fourteen-year-old son resulting from his being kicked in the head by defendant's mule, the questions of the negligence of the defendant and the contributory negligence of the deceased were for the jury and a verdict for the plaintiffs will be sustained where it appeared that deceased and certain companions were coasting down a hill on a bobsled and crossed the road on which the mule was standing, in

charge of defendant's driver; that as deceased came within four feet of the mule it kicked him on the head inflicting injuries from which his death resulted; that at the time of the occurrence deceased was the fourth boy on the sled, which was being steered by an eighteen-year-old companion; and there was evidence that on previous occasions the mule had shown vicious propensities and had kicked other persons, and that defendant had knowledge of such fact.

2. In such case the lower court properly reduced the verdict of $5,013 in favor of the plaintiffs which was grossly excessive to $2,864.79, the reduced amount representing the estimated probable earnings of deceased during minority less the cost of his maintenance and education.

Argued Feb. 26, 1918. Appeal, No. 34, Jan. T., 1918, by defendant, from judgment of C. P. Lackawanna Co., June T., 1915, No. 532, on verdict for plaintiffs in case of Robert Nevins and Anna Nevins v. The Delaware and Hudson Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Trespass for the death of plaintiffs' son. Before MAXWELL, P. J., specially presiding.

From the record it appeared that on the afternoon of December 23, 1914, Joseph Nevins, the deceased, and several companions were coasting upon a public road upon a bobsled. They had gone down three times and were going up the hill from their third trip when they passed John Coleman, defendant's mule driver, coming down the road on his way to the mule barn, riding one mule and leading another by a rope or chain. The boys reached the top of the hill and after waiting three or four minutes for the mules to get out of their way started down the hill again on their fourth trip. After they had gotten part way down they discovered the mules still in the public road. They then called to Coleman who pulled the mules into the opposite gutter so that as the sled passed them the mules were standing diagonally across the road close to the gutter. The hind mule, the one that was being led, was approximately four or four

and a half feet from them.    As they passed this mule he kicked with his hind feet or foot and struck two of the boys in the head, slightly injuring one and crushing the skull of Joseph Nevins.    From the effects of the injury he died on January 3, 1915.

It appeared that Thomas McGowan, an eighteen-year-old boy, was riding in front of the bobsled and was steering at the time of the accident, and that Joseph Nevins was the fourth on the sled as they came down the hill.

There was evidence that the mule which kicked the deceased was of a vicious and bad disposition; that it had been owned by defendant company for some four or five years prior to the accident; and that the defendant company, through its mine bosses or assistant mine bosses or driver, had actual knowledge of the vicious tendencies of the mule as to its kicking and biting.    There was proof that the mule had kicked other persons on numerous occasions.

Verdict for plaintiffs for $5,013 which was subsequently reduced by the court to $2,864.79, representing the estimated probable earnings of the deceased during his minority, less the cost of maintenance and education. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*W. J. Torrey,* with him *James H. Torrey,* for appellant.

*David J. Reedy,* with him *J. E. Brennan,* for appellees.

PER CURIAM, March 18, 1918:

In view of the testimony as to the viciousness of the mule which kicked plaintiff's son, the negligence of the defendant company was for the jury.    The contributory

negligence of the boy, nearly fourteen years of age at the time he was killed, was also a question of fact. The ver dict was grossly excessive, but, in the exercise of his discretion, the learned trial judge, specially presiding, greatly reduced it. As it is not to be further interfered with, it is now affirmed.